IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHITNEY DAWKINS, JR.,              )<br>                                    )<br>          Plaintiff,               )<br>                                    )<br>     vs.                            )<br>                                    )<br>CITY AND COUNTY OF HONOLULU;        )<br>ZANE HAMRICK, Police Officer;      )<br>BARRY TONG, Police Officer;         )<br>WINDWARD COMMUNITY FEDERAL          )<br>CREDIT UNION; and JOHN              )<br>DOES 1-10,                          )<br>                                    )<br>          Defendants.                )<br>_____) | Civ. No. 10-00086 HG-KSC |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS HAMRICK AND TONG'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT (DOC. 17)
AND
GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS (DOC. 33)**

Plaintiff Whitney Dawkins, Jr., pursues civil rights claims against Defendants City and County of Honolulu, Police Officers Zane Hamrick and Barry Tong, and the Windward Community Federal Credit Union.  Plaintiff alleges that while attempting to open a bank account at a branch office of Defendant Windward Community Federal Credit Union, employees refused to serve him and instead called the Honolulu Police Department.  He claims that Defendants Hamrick and Tong falsely arrested and imprisoned him, and negligently failed to protect him.

Defendants Hamrick and Tong move for partial dismissal of Plaintiff's Complaint, arguing that Plaintiff's state law claims

for false arrest, false imprisonment, and negligence fail to state a claim on which relief may be granted. Defendants Hamrick and Tong's motion is **GRANTED IN PART AND DENIED IN PART.**

Plaintiff filed his Opposition to Defendants Hamrick and Tong's motion for partial dismissal three days late. He moves to extend the time period for considering his Opposition. (Motion To Enlarge Time To File Memorandum In Opposition To Motion To Dismiss Complaint, (Doc. 33).) Defendants Hamrick and Tong have not opposed Plaintiff's request, and the motion is **GRANTED.**

## PROCEDURAL HISTORY

On February 22, 2010, Plaintiff Whitney Dawkins, Jr., filed the Complaint. (Doc. 1.)

On June 24, 2010, Defendants Zane Hamrick and Barry Tong filed a Motion For Partial Dismissal Of Complaint. (Doc. 17.)

On August 5, 2010, Plaintiff filed an Opposition. (Doc. 31.) On August 6, 2010, Plaintiff filed a corrected Opposition. (Doc. 32.)

On August 9, 2010, Plaintiff filed a Motion To Enlarge Time To File Memorandum In Opposition To Motion To Dismiss Complaint. (Doc. 33.)

On August 17, 2010, Defendants Hamrick and Tong filed a Reply. (Doc. 36.)

The matter came for a hearing on August 30, 2010.

**STANDARD OF REVIEW**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court may dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to

relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

## ANALYSIS

In the Motion For Partial Dismissal, Defendant Police

Officers Zane Hamrick and Barry Tong move to dismiss the following Hawaii state law claims brought against them: Plaintiff Whitney Dawkins, Jr.'s claim that Defendants Hamrick and Tong arrested him without probable cause and falsely imprisoned him (Cause of Action III); Plaintiff's claim that Defendants Hamrick and Tong falsely arrested him (Cause of Action V); Plaintiff's claim that Defendants Hamrick and Tong negligently failed to protect him from false arrest, imprisonment, and injury (Cause of Action VI); and Plaintiff's claim for punitive damages (Cause of Action VIII).

**A.   Plaintiff's Complaint Sufficiently Alleges Malice.**

Defendants Hamrick and Tong argue that Plaintiff does not sufficiently allege malice for his claims of false arrest and false imprisonment (Causes of Action III and V). Defendants Hamrick and Tong rely on Towse v. State, where the Supreme Court of Hawaii held that non-judicial governmental officials, when acting in the performance of their public duty, enjoy the protection of "qualified or conditional immunity" for tortious acts. 64 Haw. 624, 631 (internal citations omitted). For a tort action to lie against non-judicial governmental officials, the court held that a plaintiff must allege that the officials had been motivated by malice and not by an otherwise proper purpose. Id. at 632.

Plaintiff's Complaint contains allegations that Defendants

Hamrick and Tong acted with malice.  Plaintiff claims that on March 24, 2008, he attempted to open a bank account at a branch office of Defendant Windward Community Federal Credit Union, located in Kailua, Hawaii.  (Complaint at ¶ 10, (Doc. 1).)  He alleges that he had "several questions" concerning the documents necessary to open the account, and that the teller became "exasperated" and brought in a supervisor.  Id. at ¶¶ 14.  The supervisor allegedly called the Honolulu Police Department to request Plaintiff's removal.  Id.

Plaintiff alleges that Defendant Police Officers Hamrick and Tong arrived at the scene.  (Complaint at ¶ 16, (Doc. 1).) Plaintiff claims that Defendant Hamrick recognized him and was aware that Plaintiff suffered from "mental problems," including paranoid schizophrenia.  Id.  Plaintiff asserts that "without provocation or justification," Defendant Hamrick "shot Plaintiff with a taser device" and proceeded to arrest him.  Id.  During the course of the arrest, Plaintiff claims that Defendant Hamrick punched and kicked him.  Id. at ¶ 17.  Plaintiff specifically alleges that Defendants Hamrick and Tong "maliciously" arrested him without probable cause.  Id. at ¶ 26.

Under the standard established by the Supreme Court of the United States in Iqbal, Plaintiff's Complaint must contain sufficient factual content to state a claim to relief that is plausible on its face.  129 S.Ct. at 1949 (internal citation

omitted).  A claim has facial plausibility when Plaintiff pleads factual content that allows the Court to draw a reasonable inference that Defendants Hamrick and Tong are liable for the misconduct alleged.  Id.  Plaintiff has satisfied the plausibility standard established in Iqbal.  The allegations in the Complaint are more than a "threadbare" recital of an element of a cause of action.  Id.  Plaintiff claims that without any possible justification, he was punched, kicked, tasered, and arrested.  He alleges that these actions were committed with full knowledge that he suffered from paranoid schizophrenia and posed no threat to Defendants Hamrick and Tong.  Plaintiff explicitly alleges that Defendants Hamrick and Tong acted "maliciously."  The motion to dismiss Plaintiff's claims of false arrest and false imprisonment is **DENIED**.

**B.   Plaintiff's Complaint States A Claim For Negligence (Cause Of Action VI).**

In the Complaint, Plaintiff alleges a state law negligence claim against Defendants Hamrick and Tong.  (Complaint at ¶ 29, (Doc. 1).)  Defendants Hamrick and Tong move to dismiss the claim, arguing that all state law negligence claims against governmental officials are precluded by qualified immunity.  In his Opposition to Defendants Hamrick and Tong's Motion For Partial Dismissal, Plaintiff does not put forward any argument as to why the negligence claim should survive the motion.

Defendants Hamrick and Tong rely heavily on Bartolome v.

Kashimoto, a recent opinion by the U.S. District Court for the District of Hawaii.  2009 WL 1956278 (D. Hawaii 2009).  The district court, citing Towse v. State, recognized that non-judicial governmental officials enjoy a qualified privilege when performing their official duties, and that overcoming the privilege requires a showing that the official was motivated by malice and not by an otherwise proper purpose.  Id. at *1-2 (internal citation omitted).  In Towse, the Supreme Court of Hawaii stated that "the issue of the existence of malice is generally for the jury's determination[.]"  64 Haw. at 633 (internal citation omitted).  Only when the issue "has been removed from the case by uncontroverted affidavits and depositions, and the moving party is entitled to judgment as a matter of law," would it be appropriate for a court to grant summary judgment in favor of defendants.  Id.  The opinion in Kashimoto was properly decided at the close of the plaintiff's evidence during a jury trial, on a motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50.  2009 WL 1956278, *1.

Defendants Hamrick and Tong's argument to dismiss Plaintiff's state law negligence claim is not appropriate on a motion to dismiss.  Defendants Hamrick and Tong have the burden of proving that the affirmative defense of qualified immunity applies.  Benigni v. City of Hemet, 879 F.2d 473, 479 (9th Cir.

1988).  At this time, the issues of qualified immunity and malice have not been "removed from the case by uncontroverted affidavits and depositions[.]"  Towse, 64 Haw. at 633.  Defendants Hamrick and Tong's motion to dismiss Plaintiff's negligence claims is **DENIED.**

**C.   Punitive Damages Are Not A Separate Cause Of Action.**

Defendants Hamrick and Tong seek dismissal of Plaintiff's request for punitive damages.  Punitive damages, however, are not a separate cause of action.  Uema v. Nippon Exp. Hawaii, Inc., 26 F. Supp. 2d 1241, 1250 (D. Hawaii 1998) (citing Ross v. Stouffer Hotel, 76 Hawaii 454, 466 (1994)).  There are pending claims on which Plaintiff can request punitive damages.  Defendants Hamrick and Tong's motion to dismiss Plaintiff's request for punitive damages is **DENIED.**

**D.   Plaintiff's Equal Protection Claim (Cause Of Action IV) Is Dismissed With Leave To Amend.**

Plaintiff alleges that Defendants Hamrick and Tong violated his rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, under 42 U.S.C. § 1983.  (Complaint at ¶ 27, (Doc. 1).)  To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff must allege that Defendants Hamrick and Tong acted with an intent or purpose to discriminate based upon Plaintiff's membership in a protected class.  Lee v.

City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (internal citation omitted).  Plaintiff's Complaint does not contain sufficient allegations to state a claim under the Equal Protection Clause.  During the August 30, 2010 hearing on Defendants Hamrick and Tong's Motion For Partial Dismissal Of Complaint, counsel for Plaintiff requested leave to file an amended complaint to correct the equal protection claim.

Plaintiff's oral request for leave to file an amended complaint is **GRANTED**.  Plaintiff must file a First Amended Complaint alleging a sufficient equal protection claim on or before October 1, 2010, or the claim will be dismissed with prejudice.

## CONCLUSION

(1) Defendants Zane Hamrick and Barry Tong's Motion For Partial Dismissal Of Complaint, filed June 24, 2010, (Doc. 17), is **GRANTED IN PART AND DENIED IN PART;**

    (a) Defendants' motion to dismiss the claim that Defendants Hamrick and Tong violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment (Cause Of Action IV) is **GRANTED.**  Plaintiff's request for leave to file an amended complaint is **GRANTED.**  Plaintiff must file a First Amended Complaint alleging a sufficient equal protection claim on or before October 1, 2010, or the claim will be dismissed with

>     prejudice.
>
>     (b) All other claims against Defendants Hamrick and
>     Tong remain.
>
> (2) Plaintiff's Motion To Enlarge Time To File Memorandum In
>     Opposition To Motion To Dismiss Complaint, filed August 9,
>     2010, (Doc. 33), is **GRANTED.**
>
> IT IS SO ORDERED.
>
> DATED: August 31, 2010, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

Dawkins v. City and County of Honolulu, *et al.*; Civ. No. 10-00086 HG-KSC; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS HAMRICK AND TONG'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT (DOC. 17) AND GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME TO FILE MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS (DOC. 33).**