IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Whitney Dawkins, Jr., | Civ. No. 10-00086 HG-KSC |
| Plaintiff, | |
| vs. | |
| City and County of Honolulu; Zane Hamrick, police officer; Barry Tong, police officer; Windward Community Federal Credit Union; John Does 1-10; | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS COMPLAINT, WITH LEAVE TO AMEND IN PART**

Plaintiff filed a Complaint alleging violations of his civil rights under the United States Constitution and related state law tort claims.  Defendant City and County of Honolulu moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Motion (Doc. 34) is **GRANTED IN PART AND DENIED IN PART**, with leave to amend in part.

### PROCEDURAL HISTORY

On February 22, 2010, Plaintiff filed a Complaint. (Doc. 1).

On June 24, 2010, Defendants Zane Hamrick and Barry Tong filed a Motion for Partial Dismissal. (Doc. 17).

On August 31, 2010, the Court issued an Order granting in part and denying in part Defendants Hamrick and Tong's Motion for Partial Dismissal. (Doc. 45).  The Court dismissed the claim that

Defendants Hamrick and Tong violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, but allowed all other claims against Hamrick and Tong to remain.

On August 11, 2010, Defendant City and County of Honolulu filed a Motion to Dismiss. (Doc. 34).

On August 27, 2010, Plaintiff filed an Opposition. (Doc. 39).

On September 10, 2010, Defendant City and County of Honolulu filed a Reply. (Doc. 51).

Pursuant to Local Rule 7.2(d), the Court elected to decide the Motion to Dismiss without a hearing. (See Doc. 35).

On November 5, 2010, Defendant Windward Community Federal Credit Union file a Petition for Finding of Good Faith Settlement. (Doc. 62).

On November 18, 2010, Defendants City and County of Honolulu, Zane Hamrick, and Barry Tong filed a Statement of No Opposition as to Defendant Windward Community Federal Credit Union's Petition for Finding of Good Faith Settlement. (Doc. 69).

On December 7, 2010, a hearing on Defendant Windward Community Federal Credit Union's Petition for Finding of Good Faith Settlement was held before Magistrate Judge Kevin S.C. Chang. (See Doc. 71).

On December 16, 2010, Magistrate Judge Chang issued a Findings and Recommendation in which he recommended that the Petition for

Finding of Good Faith Settlement be granted. (Doc. 72).

## BACKGROUND

The following is a summary of Plaintiff's characterization of the events giving rise to the case before the Court:

On March 24, 2009, Plaintiff went to Defendant Windward Community Federal Credit Union ("Defendant Windward Bank") to open a bank account. (Complaint at ¶ 10 (Doc. 1)). Plaintiff asked the teller several questions about the documents he was required to fill out, which Plaintiff claims exasperated the teller. (Id. at ¶ 13). A supervisor was called and spoke to Plaintiff, but the supervisor also allegedly could not answer Plaintiff's questions. (Id. at ¶ 14). The supervisor then called the police and asked them to remove Plaintiff from the premises. (Id.).

Defendants Zane Hamrick and Barry Tong, police officers, arrived at the bank. (Id. at ¶¶ 16, 18). Hamrick recognized Plaintiff as a Kailua resident, and knew that he had mental problems. (Id. at ¶ 16). According to Plaintiff, without any provocation, Hamrick shot Plaintiff with a taser and proceeded to punch and kick Plaintiff. (Id. at ¶¶ 16, 17). Hamrick and Tong arrested Plaintiff. (Id. at ¶¶ 18-19). The charges against Plaintiff were all ultimately dismissed because of Plaintiff's mental status. (Id. at ¶ 21).

## STANDARD OF REVIEW

Defendant City and County of Honolulu moves to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court may dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. <u>Id.</u> at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

In <u>Bell Atl. Corp. v. Twombly</u>, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

Most recently, in <u>Ashcroft v. Iqbal</u>, the Supreme Court clarified that the principles announced in <u>Twombly</u> are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

**ANALYSIS**

## I.    COUNTS IN COMPLAINT[1]

Counts I and II of the Complaint contain claims against Defendant Windward Bank only.[2]  Count VIII, which requests punitive damages based on the claims contained in the prior counts of the Complaint, is asserted against Defendants Windward Bank, Hamrick, and Tong only.  Counts II through VII are asserted against all Defendants.

Magistrate Judge Chang issued a Findings and Recommendation that Defendant Windward Bank's Petition for Finding of Good Faith Settlement be granted.  If adopted by the District Judge, Counts I and II will be resolved because they only contain claims against Defendant Windward Bank.  Counts III through VIII will be resolved as to Defendant Windward Bank, but will remain as to other Defendants.

---

[1] Plaintiff's Complaint contains eight separately numbered paragraphs that are titled "Cause of Action."  The Court refers to these paragraphs as "Counts" because they do not each contain only one cause of action.

[2] In his Opposition, Plaintiff argues that in "Causes of Action I and II" he alleged that "Defendants facilitated or conspired with the Windward Credit union to prevent Plaintiff Dawkins from entering into a business contract fir [sic] banking services in discriminatory manner, either due to his African-American ancestry in violation of 42 USC 1981 (with the aide [sic] of the police officers); or due to his mental disability in violation of the A.D.A., or both; as well violation of Section 498-3 of the Hawaii Revised Statutes, the State Public Accommodation law." (Opposition at 9-10 (Doc. 39)).  Counts I and II allege wrongdoing on the part of Defendant Windward Bank, but do not contain any allegations of wrongdoing on the part of Defendant City or Defendants Officers Hamrick and Tong.

The Court dismissed the equal protection claim against Defendants Hamrick and Tong, but allowed all other claims against Defendants Hamrick and Tong to remain.  The equal protection claim was one of four causes of action contained in Count IV.  The Court granted Plaintiff leave to amend to restate the equal protection claim by October 1, 2010, but Plaintiff chose not to amend.  Accordingly, Counts III through VIII remain against Defendants Hamrick and Tong, with the exception of the equal protection claim contained in Count IV.

This Order addresses only the Counts that contain claims against Defendant City and County of Honolulu.  Counts III through VII assert the following claims against Defendant City and County of Honolulu:

**Count III:** Violation of the Fourth Amendment of the United States Constitution under 42 U.S.C. § 1983; and Violation of Right to Contract under 42 U.S.C. § 1981;

**Count IV:** Violation of the Fourth Amendment of the United States Constitution, Violation of Rights to Due Process and Equal Protection under the Fourteenth Amendment of the United States Constitution, and Negligence;

**Count V:** False Arrest and Negligent Failure to Supervise;

**Count VI**: Negligent Failure to Supervise;

**Count VII:** Assault and Battery;

Plaintiff seeks a declaratory judgment that Plaintiff's rights

7

have been violated, an injunction requiring Defendants to "desist from such acts," damages, and attorneys' fees and costs. (Complaint at pp. 9-10 (Doc. 1).)

## II.   CLAIMS AGAINST THE CITY AND COUNTY OF HONOLULU

Defendant City and County of Honolulu ("Defendant City," or "the City") moves to dismiss all claims against it (Counts III through VII).[3]  Counts III through VII, the only Counts containing claims against Defendant City, are considered in succession.

## COUNT III: Fourth Amendment of the United States Constitution and Right to Contract Under 42 U.S.C. § 1981

### A.   Fourth Amendment: Arrest Without Probable Cause

Plaintiff claims he was arrested without probable cause or a warrant in violation of the Fourth Amendment to the United States Constitution.  Defendant City argues that Plaintiff fails to allege grounds on which the City could be held liable for an unlawful arrest committed by its police officers.

Plaintiff asserts his Fourth Amendment claim pursuant to 42

---

[3]Defendant City also argues that all claims against the "Honolulu Police Department" should be dismissed because the Honolulu Police Department is not a proper party.  The Complaint does not name the Honolulu Police Department as a Defendant.  The Complaint properly refers to actions taken by the Honolulu Police Department, as a component of the City and County of Honolulu. Defendant City's argument that the Honolulu Police Department should be dismissed is moot.

U.S.C. § 1983, which provides a private cause of action for violations of federal constitutional rights. See Monnell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658 (1978). Section 1983 does not impose liability on municipalities for constitutional violations committed by employees under the theory of respondeat superior. Id. at 690.   Municipalities are generally only liable under Section 1983 for constitutional violations committed by municipal employees if the employees were either: (1) acting pursuant to an expressly adopted official policy; (2) acting pursuant to a longstanding practice or custom; or (3) acting as a final policymaker. Delia v. City of Rialto, 2010 WL 4398774, at *10 (9th Cir. 2010).   A municipality can also be liable under Section 1983 for failing to adequately train, supervise, or discipline its employees.   City of Canton v. Harris, 489 U.S. 378, 387 (1989).

Count III contains no allegations upon which it could be inferred that the City and County of Honolulu is liable for Plaintiff's alleged unlawful arrest.   Count V of the Complaint, however, contains an allegation that supports municipal liability for the Fourth Amendment claim contained in Count III.   In Count V, which asserts a claim for false arrest based on state law, Plaintiff alleges that the City failed to adequately supervise and train the police officers, leading to his arrest.

Defendant City argues that this allegation is conclusory and unsupported by factual allegations.   Under Ashcroft v. Iqbal, 129

9

S.Ct. at 1949, a complaint must contain sufficient factual content to state a claim for relief that is plausible on its face. The Complaint contains factual allegations on which it can plausibly be inferred that the City failed to adequately supervise and train its police officers, resulting in the unlawful arrest of Plaintiff. Plaintiff alleges that Officer Hamrick shot Plaintiff with a taser, punched and kicked him, and proceeded to arrest him, without any provocation from Plaintiff or probable cause to believe he had committed a crime. Plaintiff also alleges that Defendant Hamrick recognized Plaintiff and knew he had mental problems. It is plausible to infer from these allegations, accepted as true for the purposes of this Motion, that the City failed to adequately train and/or supervise the police officers who arrested Plaintiff. Defendant City's Motion to Dismiss Plaintiff's Fourth Amendment arrest without probable cause claim based on the City's failure to train or supervise the police officers is **DENIED.**

### B.   Right to Contract Under 42 U.S.C. § 1981

Plaintiff claims Defendants unlawfully arrested, restrained, and falsely imprisoned him, in violation of his right to contract under 42 U.S.C. § 1981. Defendant City does not address the presence of this claim in Count III, and sets forth no grounds on which it should be dismissed. Count III is titled "Fourth Amendment Claim Under Section 1983." (Complaint at p. 7 (Doc. 1)). The body of the Count, however, does not simply contain a Fourth

Amendment claim. In the body of the Count, Plaintiff also claims that he was denied the opportunity to "engage in lawful business" in violation of his right to contract under 42 U.S.C. § 1981 ("Section 1981").

Section 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The Supreme Court has "interpreted this language to prohibit racial discrimination by both private parties and state entities in the making and enforcement of contracts." Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1067 (9th Cir. 2007).

To state a claim under Section 1981, a plaintiff must allege discrimination on the basis of race. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1487 (9th Cir. 1995). A Section 1981 claim thus requires an allegation that the plaintiff is a "member of a distinct racial minority," and that he was discriminated on that basis. London v. Coopers & Lybrand, 644 F.2d 811, 818 n. 4 (9th Cir. 1981). Although Plaintiff alleges that he is African American, he does not allege that his right to contract was violated by the City or the police officers because of his race. In his Opposition, Plaintiff argues that in "Causes of Action I and II" he alleged that

11

"Defendants facilitated or conspired with the Windward Credit union to prevent Plaintiff Dawkins from entering into a business contract fir [sic] banking services in discriminatory manner, either due to his African-American ancestry in violation of 42 USC 1981 (with the aide [sic] of the police officers); or due to his mental disability in violation of the A.D.A., or both; as well violation of Section 498-3 of the Hawaii Revised Statutes, the State Public Accommodation law." (Opposition at 9-10 (Doc. 39)).  Causes of Action I and II (referred to in this Order as "Counts I and II") are directed at Defendant Windward Bank, and do not contain any allegations that the City or police officers discriminated against Plaintiff because of his race.

Plaintiff fails to state a claim under 42 U.S.C. § 1981. Defendant City's Motion to Dismiss the Section 1981 claim under Count III is **GRANTED.**  Plaintiff is given leave to amend to add sufficient allegations to state a claim under Section 1981.

The Court also notes that the Complaint does not contain claims against Defendant City under the A.D.A. or under HRS § 498-3.  If Plaintiff intended to asserts such claims, he must amend the Complaint to assert them against Defendant City, along with allegations describing the wrongful conduct of Defendant City that underlies those claims.

**C.   Summary of Claims Under Count III**

Plaintiff's claim that he was arrested without probable cause

or a warrant in violation of the Fourth Amendment of the United States Constitution, and that the City is liable for failing to supervise or train the police officers involved, **SURVIVES**. Plaintiff's claim that his right to contract under 42 U.S.C. § 1981 was violated is **DISMISSED WITH LEAVE TO AMEND.**

**COUNT IV: Fourth Amendment of the United States Constitution, Due Process, Equal Protection, and Negligence**

Plaintiff claims that Defendants illegally searched and seized him, and used excessive force in restraining him, in violation of his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution, and in violation of the Fourth Amendment to the United States Constitution. Plaintiff also claims Defendants Hamrick and Tong were grossly negligent in firing a taser at Plaintiff, and that Defendant City is liable for this negligence as their employer. These claims are considered in turn.

**A.    Due Process Under Fourteenth Amendment of the United States Constitution**

Plaintiff invokes both the Fourth Amendment and the Due Process clause of the Fourteenth Amendment as the constitutional bases for his illegal search and seizure and excessive force claims. Defendant City argues that under the "more-specific-provision" rule, Plaintiff's due process claim is inappropriate.

The more-specific-provision rule requires that "if a

constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." County of Sacramento v. Lewis, 523 U.S. 833, 841 (1998); see also Pleasant v. Zamieski, 895 F.2d 272, 276 n. 2 (noting that the more-specific-provision rule "preserve[s] fourteenth amendment substantive due process analysis for those instances in which a free citizen is denied his or her constitutional right[s] . . . through means other than a law enforcement official's arrest, investigatory stop or other seizure.")

Plaintiff does not dispute that his illegal search and seizure and excessive force claims are covered by the Fourth Amendment. Because the claims are covered by the Fourth Amendment, the duplicative due process claim is inappropriate and Defendant City's Motion to Dismiss it is **GRANTED.**

B. **Equal Protection Under Fourteenth Amendment**

Count IV of the Complaint is titled: "Fourteenth Amendment Due Process and Equal Protection Claim Under Section 1983 and Fourth Amendment." (Complaint at p. 7, (Doc. 1).) Plaintiff provides no factual basis for an equal protection claim in the body of the Count. To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that the violation was committed with an intent or purpose

14

to discriminate based upon Plaintiff's membership in a protected class. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001) (internal citation omitted).

Plaintiff fails to allege any intent by Defendants to discriminate against him on the basis of his membership in a protected class. Plaintiff argues that in "Causes of Action I and II" he alleged that "Defendants facilitated or conspired with the Windward Credit union to prevent Plaintiff Dawkins from entering into a business contract fir [sic] banking services in discriminatory manner, either due to his African-American ancestry in violation of 42 USC 1981 (with the aide [sic] of the police officers); or due to his mental disability in violation of the A.D.A., or both . . . ." (Opposition at 9-10 (Doc. 39)). As previously discussed, Causes of Action I and II (referred to in this Order as "Counts I and II") are directed at Defendant Windward Bank, and do not contain any allegations that the City or police officers discriminated against Plaintiff because of his race or other membership in a protected class.

Plaintiff fails to state an equal protection claim. Defendant City's motion to dismiss the equal protection claim is **GRANTED.** Because the failure to state an equal protection could conceivably be cured by amendment, Plaintiff is given leave to file an amended complaint to restate the claim.

## C.   Fourth Amendment:   Illegal   Search   and   Seizure   and Excessive Force

Plaintiff claims Honolulu police officers illegally searched and seized him, and subjected him to excessive force, in violation of the Fourth Amendment.   Defendant City does not address this claim.  Instead, Defendant City suggests that Count IV only contains due process and equal protection claims under the Fourteenth Amendment.  Although Plaintiff invokes the Due Process and Equal Protection Clauses of the Fourteenth Amendment, Plaintiff also plainly alleges that he was illegally searched and seized, and subjected to excessive force, in violation of the Fourth Amendment. Because Plaintiff's Fourth Amendment illegal search and seizure and excessive force claims are distinct, they will be considered separately.

### 1. Illegal Search and Seizure

In Count IV, Plaintiff does not allege how his right under the Fourth Amendment to be free from unreasonable searches and seizures was violated.   To the extent Plaintiff is alleging that he was arrested without probable cause, the claim is duplicative of Plaintiff's Fourth Amendment claim under Count III.  Because the claim is pled in a conclusory manner with no underlying factual content, it is unclear if Plaintiff is asserting a separate Fourth Amendment violation.  Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  Under Ashcroft v. Iqbal, 129 S.Ct. at 1949, a complaint

16

must contain only enough factual content to state a claim for relief that is plausible on its face.  Plaintiff fails to allege any underlying factual content to support his claim that he was illegally searched and seized, and fails to state an illegal search and seizure claim.  Defendant City's Motion to Dismiss the illegal search and seizure claim is **GRANTED.**  To the extent Plaintiff seeks to assert an illegal search and seizure claim that is distinct from his claim that he was arrested without probable cause, he is given leave to amend to restate the illegal seizure and seizure claim.

### 2. Excessive Force

Plaintiff alleges that he was subjected to excessive force in violation of the Fourth Amendment when he was shot with a taser by Defendant Hamrick.  The Fourth Amendment prohibits the use of "excessive force" arising in the context of an arrest or investigatory stop of a free citizen. See Graham v. Connor, 490 U.S. 386, 395 (1989).  Forth Amendment excessive force claims are evaluated with a "reasonableness" standard, in which the "nature and quality of the intrusion on the individual's Fourth Amendment interests" must be balanced "against the countervailing governmental interests at stake." Id. at 396.

Plaintiff states a claim that he was subjected to excessive force in violation of the Fourth Amendment.  Plaintiff alleges that Defendant Officer Hamrick shot him with a taser without provocation, and proceeded to punch and kick him, while in the course of

arresting him.   Defendant City's Motion to Dismiss Plaintiff's Fourth Amendment excessive force claim is **DENIED.**

### D.   Negligence

Count IV includes a negligence claim.   Plaintiff claims that Defendant City is "responsible as the employer of Defendant HAMRICK AND Defendant TONG and for its own gross negligence, reckless, wanton disregard for the safety of individuals by the improper use of dangerous electronic taser devices upon Plaintiff." (Complaint at ¶ 27 (Doc. 1)) (capitalization in original).   Although this sentence is ambiguously worded, the Court interprets it as an allegation that Defendants Hamrick and Tong were negligent and reckless in shooting Plaintiff with a taser, and that Defendant City is liable as their employer.   Although Plaintiff claims that both Defendants Hamrick and Tong were negligent and reckless, the Complaint only alleges that Defendant Hamrick fired a taser.   The Complaint does not allege the manner in which Defendant Tong was negligent or reckless.

Defendant City argues that this claim fails because Plaintiff fails to properly allege that Defendants acted with malice, and they are therefore immune from liability under the qualified privilege for non-judicial government officials.

Under Hawaii law, non-judicial government officials are shielded from liability for tortious acts by a "qualified or conditional privilege." <u>Towse v. State of Hawaii</u>, 647 P.2d 696, 702

(Haw. 1982).   The privilege shields non-judicial government officials from liability for tortious acts, unless the tortious acts were motivated by malice.   Id.   If a government employee is immune from suit because he did not commit the tort with malice, the government employer is also immune from suit and cannot be held liable.   Reed v. City and County of Honolulu, 873 P.2d 98, 107 (Haw. 1994).

In Count VIII, Plaintiff expressly alleges that the police officers were acting wilfully and with malice.   Defendant City argues that this allegation is conclusory and that Plaintiff does not allege facts on which such malice could plausibly be inferred. Defendant City cites Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009), in which the court held that the "bald allegation of [an] impermissible motive . . . , standing alone, is conclusory and therefore not entitled to an assumption of truth."

Under Ashcroft v. Iqbal, 129 S.Ct. at 1949, a complaint must contain only enough factual content to state a claim for relief that is plausible on its face.   The Complaint contains allegations that the police officers were acting with malice.   Plaintiff alleges that Officer Hamrick shot him with a taser without provocation, proceeded to punch and kick him, and arrested him merely because he was inquiring about opening a bank account.   If the Officer Hamrick acted in this manner, it is plausible to infer that he was acting with malice.   Plaintiff also alleges that Officer Hamrick recognized

Plaintiff and knew he had mental problems, which suggests that Officer Hamrick may have had a personal problem with Plaintiff. Plaintiff alleges that Officer Tong was present when Officer Hamrick committed these acts, and assisted in arresting Plaintiff despite Plaintiff having committed no wrong. This allegation is sufficient to make the plausible inference that Officer Tong was also acting with malice. Defendant City's Motion to Dismiss the negligent taser firing claim is **DENIED.**

   **E.   Summary of Claims Under Count IV**

   Plaintiff's claim that his right to due process under the Fourteenth Amendment was violated is **DISMISSED WITH PREJUDICE.** Plaintiff's claim that his right to equal protection under the Fourteenth Amendment was violated is **DISMISSED WITH LEAVE TO AMEND.** Plaintiff's claim that he was illegally searched and seized in violation of the Fourth Amendment is **DISMISSED WITH LEAVE TO AMEND.** Plaintiff's claim that he was subjected to excessive force in violation of the Fourth Amendment **SURVIVES.** Plaintiff's claim that Officer Hamrick negligently fired a taser at Plaintiff, and that the City is liable as Hamrick's employer, **SURVIVES.**


**COUNT V: False Arrest**

**COUNTS V and VI: Negligent Failure to Supervise**

   Count V of the Complaint is titled: "False Arrest-Pendent State Claim." (Complaint at p. 8 (Doc. 1).)  Plaintiff claims he was

arrested without probable cause, and the Defendant City negligently failed to supervise or train the police officers involved. Plaintiff appears to be claiming that the City is liable for the alleged unlawful arrest on two independent state-law based grounds: (1) a respondeat superior theory of liability, and (2) a negligent failure to supervise or control the officers.[4]  Count VI contains an identical negligent failure to supervise claim, which the Court considers simultaneously.

### A.   False Arrest (Count V) - Respondeat Superior

Defendant City argues that Plaintiff fails to state a claim that it is liable for the alleged false arrest on respondeat superior grounds because the officers (and the City by extension) are entitled to a qualified or conditional privilege.  The City argues that Plaintiff fails to allege facts on which it can be inferred that the police officers acted with malice.

Under Hawaii law, non-judicial government officials are shielded from liability for tortious acts by a "qualified or conditional privilege." Towse v. State of Hawaii, 647 P.2d 696, 702 (Haw. 1982).  The privilege shields non-judicial government officials from liability for tortious acts, unless the tortious acts were motivated by malice. Id.  If a government employee is immune

---

[4] Plaintiff also alleges that Defendant City negligently failed to hire and train the officers.  A failure to properly hire or train an employee is one manner in which an employer can negligently supervise/negligently fail to control an employee, such that these allegations amount to the same claim.

from suit because he did not commit the tort with malice, the government employer is also immune from suit and cannot be held liable. <u>Reed v. City and County of Honolulu</u>, 873 P.2d 98, 107 (Haw. 1994).

As discussed above with regard to Plaintiff's negligence claim under Count IV, the Complaint contains sufficient allegations on which it can plausibly be inferred that the officers were acting with malice.  Plaintiff alleges that Officer Hamrick shot him with a taser, punched and kicked him, and arrested him without any provocation.  Plaintiff claims that Officer Tong was present when Officer Hamrick committed these acts, and assisted in arresting Plaintiff.  These factual allegations are sufficient to infer malice.

Defendant City's Motion to Dismiss the false arrest claim is **DENIED.**

### B.   Negligent Failure To Supervise (Counts V and VI)

In Count V, Plaintiff claims that Defendant City "negligently failed to hire, supervise, train or control subordinate employees in the performance of their duties . . . leading to the violations of Plaintiff's rights." (Complaint at ¶ 28 (Doc. 1)).  Plaintiff asserts an identical claim in Count VI: "[Defendant City] negligently failed to hire, supervise, train, or control subordinate police officers," leading to Plaintiff's "false arrest, imprisonment, and injury." (<u>Id.</u> at ¶ 29).

22

Defendant City argues that the negligent failure to supervise claim fails on two grounds: (1) under the "public duty doctrine," the City owed no duty to Plaintiff; and (2) Plaintiff fails to allege that the police officers were acting outside the scope of their employment.  These arguments are considered in turn.

### 1. The "Public Duty Doctrine"

Defendant City argues that it cannot be liable for negligently failing to prevent Plaintiff from being falsely arrested and injured because it owed no duty to Plaintiff under the "public duty doctrine."  Under the "public duty doctrine," no liability may be imposed for a public official's negligence unless the "duty breached was owed to the injured person as an individual and not merely the breach of an obligation owed to public in general (i.e. a duty to all is a duty to no one)." Taylor v. Stevens County, 759 P.2d 447, 449-50 (Wash. 1988).

The State of Hawaii has not adopted the "public duty doctrine." See Ruf v. Honolulu Police Dept., 972 P.2d 1081, 1088 (Haw. 1999). In Ruf, which Defendant City argues supports the application of the public duty doctrine in Hawaii, the Hawaii Supreme Court ruled that the "failure of the police to provide protection is ordinarily not actionable." Id. (quoting Freitas v. City and County of Honolulu, 574 P.2d 529, 532 (1978)).  But the court expressly declined to decide whether public officials can be held liable for negligently failing to fulfill duties owed to the general public. Id. at 532 n.

23

5. The court explained:

> [I]t is unecessary for us to address, as a global matter, the scope of public agents' liability generally stemming from acts performed "for the benefit of the general public." Accordingly, we do not refer to the . . . rule herein as the "public duty doctrine."

Id. The court considered whether Honolulu police officers could be liable for negligently releasing an individual who later murdered a child. After a lengthy analysis of the policy concerns surrounding the issue, the court concluded, on public policy grounds, that the officers were not liable.

The rule adopted by the Hawaii Supreme Court in Ruf under the narrow factual circumstances before it does not bar municipal actors from all liability for negligent acts injuring the public. See Black v. Correa, 2007 WL 3195122, at *9 (D. Haw. 2007). A rule with that effect would contradict the general rule in Hawaii that muncipalities are "subject to the state's tort laws in the same manner as any other private tortfeasor may be liable for state law torts that its agents committed." Kahale v. City and County of Honolulu, 90 P.3d 233, 241 (Haw. 2004); see also HRS § 662-2. Defendant City cites no authority that supports its position that the City cannot be liable to members of the public for negligently failing to supervise and control its police officers, and this Court declines to adopt such a rule.

**2. Plaintiff Does Not Allege the Officers Were Acting Outside the Scope of their Employment**

Defendant City argues that the negligent failure to supervise claim fails because Plaintiff does not allege that the police officers who arrested him were acting outside the scope of their employment.  To state a claim for negligent supervision/failure to control under Hawaii law, a plaintiff must allege that the employees who committed the wrongful acts were acting outside the scope of their employment. <u>Pulawa v. GTE Hawaiian Tel</u>, 143 P.3d 1205, 1220 (Haw. 2006).  A negligent supervision claim is mutually exclusive with a claim based on respondeat superior, because the latter requires that the employee have acted *within* the scope of his employment. <u>See</u> <u>Wong-Leong v. Hawaiin Indep. Refinery, Inc.</u>, 879 P.2d 538, 543-44 (Haw. 1994).

Defendant argues that because Plaintiff alleges that the police officers were acting within the scope of their employment (a necessary element of his respondeat superior claim), he cannot state an inconsistent negligent failure to supervise claim.

Although Plaintiff's negligent failure to supervise claim is inconsistent with his false arrest/respondeat superior claim, Plaintiff is entitled to plead the former claim in the alternative. <u>See</u> Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); <u>Arthur v. U.S. By and Through Veterans Admin.</u>, 45 F.3d 292, 296 (9th Cir. 1995).

In order to state a claim for negligent supervision, however,

25

Plaintiff nevertheless must allege that the police officers were acting outside the scope of their employment. See Pulawa, 143 P.3d 1205, 1220.  Plaintiff must, in other words, include contradictory allegations in the Complaint.  Because Plaintiff fails to allege that the officers were acting outside the scope of their employment, he fails to state a claim for negligent supervision.  Defendant City's Motion to Dismiss the negligent supervision claim is **GRANTED.** Plaintiff is given leave to amend to re-allege the negligent supervision claim as an alternative to his false arrest/respondeat superior claim.

### C.   Summary of Claims Under Counts V and VI

Within Count V, Plaintiff's claim that he was falsely arrested, and that Defendant City is liable under the theory of respondeat superior, **SURVIVES.**  Within Counts V and VI, Plaintiff's claim that he was falsely arrested and imprisoned as a result of Defendant City's negligent failure to supervise Officers Hamrick and Tong, is **DISMISSED WITH LEAVE TO AMEND.**


### COUNT VII: Assault and Battery

Plaintiff claims that he was intentionally assaulted and battered by the police officers.  Defendant City argues that it cannot be liable for the alleged assault and battery under the theory of respondeat superior, because an "intentional assault and battery" would necessarily be outside the course and scope of the

police officers' employment.

Municipalities can be held liable for intentional torts committed by employees, including assault and battery, on the basis of respondeat superior. Alexander v. City and County of Honolulu, 545 F.Supp.2d 1122, 1136 (D. Haw. 2008) (citing Pourny v. Maui Police Dep't, 127 F.Supp.2d 1129 (D. Haw. 2000). The mere fact that the tort was allegedly intentional does not mean that it was necessarily committed outside the course and scope of the officers' employment. See id.

Defendant City further argues that the claim fails because Plaintiff fails to plead sufficient facts to state an assault and battery claim. Battery occurs when a defendant "intentionally causes bodily contact to the plaintiff in a way not justified by the plaintiff's apparent wishes or by a privilege, and the contact is in fact harmful or against the plaintiff's will." Williams v. Aona, 210 P.3d 501, 513 (Haw. 2009) (internal citation and quotation marks omitted). Plaintiff plainly alleges sufficient facts to support an assault and battery claim. He alleges that he was intentionally shot with a taser and kicked and punched without any provocation, and that he was seriously injured as a result. Defendant City's Motion to Dismiss the assault and battery claim is **DENIED.**

### CONCLUSION

Defendant City and County of Honolulu's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART, WITH LEAVE TO AMEND IN PART,** as

follows:

**I.** The following cause of action against Defendant City and County of Honolulu is **DISMISSED WITH PREJUDICE:**

> **Within Count IV:** (1) The claim that Plaintiff was illegally searched and seized in violation of his right to due process under the Fourteenth Amendment.

**II.** The following causes of action against Defendant City and County of Honolulu are **DISMISSED WITH LEAVE TO AMEND:**

> **Within Count III:** (1) The claim that Plaintiff was denied the right to contract in violation of 42 U.S.C. § 1981.

> **Within Count IV:** (1) The claim that Plaintiff's right to equal protection under the Fourteenth Amendment was violated; (2) The claim that Plaintiff was illegally searched and seized in violation of the Fourth Amendment.

> **Within Counts V and VI:** (1) The claim that Defendant City negligently failed to supervise Officers Hamrick and Tong, resulting in Plaintiff's unlawful arrest and imprisonment.

> **The Plaintiff May Also Add:** (1) the claim that Defendant City violated the A.D.A.; (2) the claim that Defendant City violated HRS § 498-3.

Plaintiff shall have until January 31, 2010 to file an Amended Complaint to reassert these causes of action. If Plaintiff fails to do so, they will be dismissed with prejudice without further

action from this Court.

**III.** The following causes of action against Defendant City and County of Honolulu survive:

> **Within Count III:** (1) The claim that Plaintiff was arrested without probable cause in violation of the Fourth Amendment.

> **Within Count IV:** (1) The claim that Plaintiff was subjected to excessive force in violation of the Fourth Amendment; (2) The claim that Officers Hamrick and negligently shot Plaintiff with a taser, and that Defendant City is liable under the theory of respondeat superior.

> **Within Count V:** (1) The claim that Plaintiff was falsely arrested, and that Defendant City is liable under the theory of respondeat superior.

> **Within Count VII:** (1) The assault and battery claim.

IT IS SO ORDERED.

DATED: December 30, 2010, Honolulu, Hawaii.



_____/s/ Helen Gillmor_____

Helen Gillmor

Senior United States District Judge

Dawkins v. City and County of Honolulu; Zane Hamrick; Barry Tong; Windward Community Federal Credit Union; John Does 1-10, Civil No. 10-00086 HG-KSC; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS, WITH LEAVE TO AMEND IN PART (DOC. 34).**