IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| Whitney Dawkins, Jr., | ) Civ. No. 10-00086 HG-KSC |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| City and County of Honolulu; Zane Hamrick; Barry Tong; and John Does 1-10, | ) |
| Defendants. | ) |

**ORDER DECLINING TO ADOPT THE FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE TO DENY PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS AS UNTIMELY (DOC. 270)**
**AND**
**GRANTING PLAINTIFF's MOTION FOR ENLARGEMENT OF TIME (DOC. 274)**
**AND**
**DENYING DEFENDANTS' MOTION FOR TAXATION OF COSTS (DOC. 268)**

On February 3, 2012, a jury returned a verdict in favor of Defendants City and County of Honolulu, Zane Hamrick, and Barry Tong. (Doc. 260). On February 8, 2012, the Clerk of the Court entered Judgment. (Doc. 267). On February 17, 2012, the Defendants filed a Motion for Taxation of Costs. (Doc. 268). On February 28, 2012, the Plaintiff filed an Objection to the Bill of Costs. (Doc. 269). On February 29, 2012, the Magistrate Judge issued a Findings and Recommendation to Deny the Plaintiff's Objection as Untimely. (Doc. 270). On March 8, 2012, the Plaintiff filed a Motion for Enlargement of Time to File an Objection to the Defendants' Bill of Costs. (Doc. 274). The

1

Court construes the Plaintiff's Motion for Enlargement of Time as an Objection to the Magistrate Judge's Findings and Recommendation.

The Court declines to adopt the Findings and Recommendation of the Magistrate Judge to Deny Plaintiff's Objection to Defendant's Bill of Costs as Untimely (Doc. 270).

The Court withdraws the reference to the Magistrate Judge for the Defendants' Motion for Taxation of Costs.  The District Court conducted the trial and is more familiar with the circumstances bearing on the taxation of costs, therefore, in the interests of judicial economy, the Court considers the Motion.

Defendant's Motion for Taxation of Costs (Doc. 268) is **DENIED.**

## PROCEDURAL HISTORY

On February 3, 2012, a jury returned a verdict in favor of the Defendants. (Doc. 260).

On February 8, 2012, the Clerk of the Court entered Judgment. (Doc. 267).

On February 17, 2012, the Defendants filed a Bill of Costs. (Doc. 268).

On February 28, 2012, the Plaintiff filed an Objection to the Bill of Costs. (Doc. 269).

On February 29, 2012, the Magistrate Judge issued a Findings

and Recommendation to Deny Plaintiff's Objection to Defendants' Bill of Costs as Untimely. (Doc. 270).

On March 8, 2012, Plaintiff filed a Motion for Enlargement of Time to File an Opposition to the Defendants' Bill of Costs. (Doc. 274). The Court treats Plaintiff's Motion as an Objection to the Magistrate Judge's Findings and Recommendation to Deny Plaintiff's Objection as Untimely.

On March 20, 2012, the Defendants filed a Response. (Doc. 279).

Pursuant to Local Rule 7.2(d), the Court elected to decide the matters without a hearing.

**STANDARDS OF REVIEW**

**I. Findings and Recommendation**

A magistrate judge may be assigned to prepare findings and recommendation for a district judge on a matter that is dispositive of a claim. Fed. R. Civ. P. 72(b)(1). If a party objects to the magistrate judge's findings and recommendation, the district court must review de novo those portions to which objection is made. United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b)(2). The district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," or recommit the matter to the magistrate judge with further instructions. 28

3

U.S.C. § 636(b)(1); Raddatz, 447 U.S. at 673-74; Fed. R. Civ. P. 72(b)(3).

De novo review means the district court must consider the matter anew, as if the matter had not been heard before and no previous decision rendered. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## II. Bill of Costs

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Although Rule 54(d) creates a presumption that costs will be awarded, the district court has wide discretion in deciding whether to award costs. See Assoc. of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citing Nat'l Info Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir. 1995)); K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54, 60 (9th Cir. 1969). If the district court decides not to award costs, it must specify its reasons. Mexican-American Educators, 231 F.3d at 592; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

4

The district court may consider several factors in refusing to award costs to a prevailing party, including: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the chilling effect on future civil rights litigants of imposing high costs; (4) the public importance of the issues in the case; (5) the closeness and difficulty of the issues in the case; and (6) the merit of the plaintiff's case. See Save Our Valley, 335 F.3d at 945; Mexican-American Educators, 231 F.3d at 592.

**ANALYSIS**

**I.   Plaintiff's Objection to Findings and Recommendation**

The Magistrate Judge's Findings and Recommendation recommends denying the Plaintiff's Objection to the Defendants' Bill of Costs on the ground that it is untimely. The Defendants' Bill of Costs was filed on February 17, 2012. Under Local Rule of Civil Procedure 54.2(d), an objection to a bill of costs must be filed within seven days after the bill of costs is served. After adding 3 days after the period would otherwise expire pursuant to Federal Rule of Civil Procedure 6(d), the deadline for Plaintiff's Objection was February 27, 2012. Plaintiff did not file his Objection until February 28, 2012.

Plaintiff Objects to the Magistrate Judge's Findings and Recommendation and requests an extension of time, nunc pro tunc,

on the ground that the late filing was due to excusable neglect. According to the Plaintiff, the Defendants' Bill of Costs was not filed until 3:00 pm on Friday, February 17, 2012. Plaintiff's counsel submitted a Declaration in which he states that, due to the Bill of Costs being filed late in the afternoon on a Friday, he did not see it in his email until late Sunday, February 19, 2012. Plaintiff's counsel avers that he miscalculated the deadline for his Objection and believed it was February 28, 2012. Plaintiff's counsel also states that several unexpected matters prevented him from filing the Objection earlier, including a sudden revocation of probation hearing for a client who was arrested, and two emergency appointments with an oral surgeon and a dentist, one of which involved his tooth being extracted.

Federal Rule of Civil Procedure 6(b) allows the Court to grant an extension of time after a deadline has expired if the party failed to act because of excusable neglect. To determine whether a party's failure to meet a deadline constitutes excusable neglect, courts must examine: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 825 n. 4 (9th Cir. 1996) (concluding that the

Pioneer test applies to Rule 6(b) motions).

These factors weigh in favor of allowing the Plaintiff an extension of time, and proceeding to consider the merits of his Objection to the Defendants' Bill of Costs.  The length of the delay in filing the Objection was only one day, and it has caused little, if any, prejudice to the Defendants.  Plaintiff's counsel submitted a Declaration in which he avers that he miscalculated the deadline and believed his Objection was timely, in part due the Bill of Costs being filed late in the afternoon on a Friday. The Supreme Court has held that excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by carelessness." Pioneer Inv. Servs. co., 507 U.S. at 388, 394.

The question of whether neglect is excusable "is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." Id. at 395.  The circumstances and equities present in this case weigh in favor of allowing the Plaintiff a one day extension of time and allowing consideration of his Objection on its merits.  Although he may have acted carelessly, Plaintiff's counsel appears to have acted in a good faith attempt to meet the deadline.

Plaintiff's Motion for Enlargement of Time to File an Objection to the Defendants' Bill of Costs, which the Court construes as an Objection to the Magistrate Judge's Findings and

Recommendation to Deny Plaintiff's Objection as Untimely (Doc. 274), is **GRANTED.**

**II. Objection to Bill of Costs**

The Defendants request an award of $22,642.30 in costs pursuant to Federal Rule of Civil Procedure 54(d). In addition to objecting to specific portions of the Defendants' itemized costs, the Plaintiff Objects to the Bill of Costs in its entirety. The Plaintiff argues that he is unable to pay costs, and awarding them would have a chilling effect on future civil rights litigants.

Federal Rule of Civil Procedure 54(d)(1) provides that costs other than attorney's fees should be awarded to a prevailing party unless a federal statute, rule of civil procedure, or court order provides otherwise. When deciding whether to award costs, the district court may consider: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the chilling effect on future civil rights litigants of imposing high costs; (4) the public importance of the issues in the case; (5) the closeness and difficulty of the issues in the case; and (6) the merit of the plaintiff's case. See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003); Assoc. of Mexican-American Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000). In general, the Court should not impose

costs if it would be "inequitable under the circumstances." Washburn v. Fagan, 2008 WL 361048, at *1 (N.D. Cal. 2008). The Court declines to award costs to the Defendants based on a review of these factors.

### 1. The losing party's limited financial resources

Courts must consider a party's financial condition when deciding whether to award costs. See Assoc. of Mexican-American Educators, 231 F.3d at 592. An award of $22,642.30 is not *de minimus* and would greatly add to the financial difficulty of the Plaintiff. The Plaintiff is mentally disabled and unable to work, resides with his parents, and supported by a Social Security disability benefit.

### 2. Misconduct on the part of the prevailing party

Plaintiff does not allege that counsel for the Defendants engaged in misconduct.

### 3. The chilling effect on future civil rights litigants of imposing high costs

Imposing costs in this action would likely have a strong chilling effect on future civil rights litigants who similarly lack financial resources. See Stanley v. University of Southern California, 178 F.3d 1069 (9th Cir. 1999) (finding that the

9

district court abused its discretion in awarding costs because it failed to consider the losing party's "indigency, and the chilling effect of imposing such high costs on future civil rights litigants."). A number of courts have declined to award costs to the prevailing party in similar actions involving a disparity in financial resources between the parties and a risk of discouraging civil rights litigants with modest means from seeking redress. See, e.g., Washburn v. Fagan, 2009 WL 2392094; Darensburg v. Metropolitan Transp. Com'n, 2009 WL 2392094 (N.D. Cal. 2009); Bowoto v. Chevron Corp., 2009 WL 1081096, at *2 (N.D. Cal. 2009).

## 4. The public importance of the issues in the case

The Plaintiff's case presented important public issues regarding the manner in which police officers should respond to noncompliant mentally ill individuals, the methods they should use to gain compliance, and the amount of force they should use, if necessary, to subdue them. The closeness of the Plaintiff's case reflects the great difficulty in resolving these complex issues, and the importance of having cases like the Plaintiff's considered by the public.

## 5. The closeness and difficulty of the issues in the case

The jury had considerable difficulty deciding the case, and

10

deliberated for almost five days after a six and a half day trial.  The jury sent three notes to the Court expressing concern that they might not be able to reach a unanimous verdict.  The jury began their deliberations at 3:55 pm in the afternoon after the close of trial.  At 11:20 am the next day, after having deliberated for merely a few hours, the jury submitted a note to the Court asking: "What happens if we can't have/make an [sic] unanimous decision?" (Note from the Jury #1 (Doc. 264)).  On the third day of deliberations, the jury returned a second note, stating: "We came to the conclusion that we can not reach unanimous agreement. Please advise us of the next steps." (Note from the Jury #2 (Doc. 265)).  On the fourth day of deliberations, the jury submitted a third and final note, stating: ". . . our positions did not changed [sic]. We can not reach an [sic] unanimous agreement." (Note from the Jury #3 (Doc. 266)).  The Court then provided the jury with an Allen charge that directed the jury to continue to carefully consider the evidence.  On the fifth day of deliberations, the jury returned a verdict.  Although the jury ultimately was able to return a verdict, their notes reveal that they had great difficulty agreeing on the very close issues in the case.

    The evidence presented at trial was conflicting and comprised primarily of testimony from witnesses who described very different versions of the events.  The jury's evaluation of

the testimony turned primarily on credibility determinations.
One witness, an uninvolved bystander, testified that the police
officers gave the Plaintiff the worst beating he had ever seen,
and repeatedly punched the Plaintiff even though he was not
resisting.

In Washburn v. Fagan, a district court considered a case
involving similar circumstances, and declined to award costs,
explaining:

> The closeness of the case . . . leads the Court to
> conclude that an award of costs would be inequitable in
> this situation.  There was conflicting testimony
> presented at trial regarding Defendants' conduct and
> use of force.  The jury's evaluation of the witnesses'
> competing versions of events turned largely on
> credibility issues, and the answers were far from
> obvious.  In fact, before reaching a unanimous verdict,
> the jury twice sent notes to the Court indicating they
> may not be able to reach unanimity.

2008 WL 361048, at *3.

### 6. The merit of the plaintiff's case

Although the jury returned a verdict in favor of the
Defendants on both Plaintiff's claims for excessive force under
the Fourth Amendment of the United States Constitution and
battery under Hawaii common law, the Plaintiff's action was not
entirely lacking in merit.

The jury first found that the Defendants were not liable for
using excessive force in violation of the Fourth Amendment of the
United States Constitution.

The jury next considered the Plaintiff's battery claim. To determine whether the Defendants were liable for battery, the jury needed to make two findings. First, the jury needed to determine whether the police officers committed a battery by intentionally contacting the Plaintiff, without his consent, in a manner that was unreasonable under the circumstances. Second, the jury needed to determine whether the police officers were entitled to qualified immunity from liability for the battery. Under Hawaii state law, police officers are entitled to qualified immunity from liability for battery unless there is clear and convincing evidence that they acted with malice.

As to the first question, the jury found, by a preponderance of the evidence, that Defendants Hamrick and Tong committed a battery against the Plaintiff. As to the second question, however, the jury found that there was not clear and convincing evidence that the police officers acted with malice. The officers were therefore entitled to qualified immunity. Although Defendants Hamrick and Tong were entitled to qualified immunity, the jury's battery finding nevertheless reflects that the Plaintiff's case was far from frivolous.

Based on the foregoing reasons, the Court declines to award costs to the Defendants. Defendants' Motion for Taxation of Costs (Doc. 268) is **DENIED.**

13

**CONCLUSION**

The Court **DECLINES** to adopt the Findings and Recommendation of the Magistrate Judge to Deny Plaintiff's Objection to Defendant's Bill of Costs as Untimely (Doc. 270).

Plaintiff's Motion for Enlargement of Time to File an Objection to the Defendants' Bill of Costs (Doc. 274), which the Court construes as an Objection to the Magistrate Judge's Findings and Recommendation to Deny Plaintiff's Objection as Untimely, is **GRANTED.**

Defendant's Motion for Taxation of Costs (Doc. 268) is **DENIED.**

IT IS SO ORDERED.

DATED: April 27, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

Dawkins v. City and County of Honolulu; Zane Hamrick; Barry Tong; John Does 1-10, Civ. No. 10-00086 HG-KSC; **ORDER DECLINING TO ADOPT THE FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE TO DENY PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS AS UNTIMELY (DOC. 270) GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME (DOC. 274) AND DENYING DEFENDANTS' MOTION FOR TAXATION OF COSTS (DOC. 268).**